**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| DAYVON GRANT, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | Case No. 5:21-cv-00427-MTT-MSH |
| UNIT MANAGER CALPURNIA | : | |
| WASHINGTON, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## **REPORT AND RECOMMENDATION**

Pending before the Court is Defendants' motion for judgment on the pleadings (ECF No. 3) and Plaintiff's motion for a response (ECF No. 5). For the reasons stated below, it is recommended that Defendants' motion for judgment on the pleadings be granted, and that Plaintiff's motion for a response be denied as moot.

## **BACKGROUND**

This action arises from Plaintiff Dayvon Grant's confinement at Hancock State Prison ("HSP"). Defs.' Ex. A, at 18, ECF No. 2-1. Plaintiff alleges Defendants (1) failed to protect him from being attacked by fellow inmates, (2) were deliberately indifferent to his serious medical needs, (3) treated him differently than other inmates in violation of his right to equal protection, and (4) violated his due process rights by placing him in administrative segregation. *Id*. at 18-24. In relief, Plaintiff seeks compensatory and punitive damages. *Id*. at 27-28.

Plaintiff initiated this action on November 1, 2021, in the Superior Court of Hancock

County, Georgia.  *Id*. at 13.  On December 1, 2021, Defendants answered (ECF No. 2-1) and removed the case to this Court (ECF No. 2).  On December 14, 2021, Defendants moved for judgment on the pleadings (ECF No. 3).  Plaintiff has not responded to Defendants' motion.  On May 23, 2022, Plaintiff moved for a response, requesting the Court preliminarily screen his complaint.  Pl.'s Mot. for Resp. 1-2, ECF No. 5.  Defendants have not responded to that motion.  Defendants' motion for judgment on the pleadings (ECF No. 3) and Plaintiff's motion for a response (ECF No. 5) are ripe for review.

## DISCUSSION

Defendants move for judgment on the pleadings, arguing (1) Plaintiff's claims against them in their official capacities are barred by the Eleventh Amendment and § 1983, (2) Plaintiff fails to show Defendants failed to protect him, (3) Plaintiff's claims against Defendants are not cognizable under § 1983 to the extent he raises claims under a theory of supervisory liability, (4) Plaintiff fails to show Defendants were deliberately indifferent to his medical needs, (5) Plaintiff fails to show a due process violation, (6) Plaintiff fails to show a violation of the Equal Protection Clause, and (7) Defendants are entitled to qualified immunity.  Defs.' Memo. in Supp. of Mot. for J. on the Pleadings 3-13, ECF No. 3-1.  The Court recommends that Defendants' motion be granted on all seven grounds.

## I.     Judgment on the Pleadings Standard

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law."  *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014) (internal quotation marks omitted).  In evaluating a motion for judgment on the pleadings, the Court must "accept as true all

2

material facts alleged in the non-moving party's pleading" and "view those facts in light most favorable to the non-moving party.  If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." *Id*.  If, however, it is clear from the pleadings that the non-moving party "would not be entitled to relief under any set of facts that could be proved consistent with the allegations," then the claim should be dismissed.  *Horsely v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002) (citation omitted).

## II.    Undisputed Material Facts

On November 6, 2020, while housed at HSP, several inmates attacked and stabbed Plaintiff six times while he slept.  Defs.' Ex. A, at 20, 22.  The attack occurred between 10:45 p.m. and 11:20 p.m.  *Id*. at 22.  Between 12:30 a.m. to 12:50 a.m., an ambulance arrived and transported Plaintiff to Navicent Medical Center.  *Id*.  Plaintiff's wounds were dressed, and he was diagnosed with puncture wounds to his left bicep, right abdomen, and right buttocks, as well as lacerations to his liver.  *Id*. at 22-23.  Plaintiff remained hospitalized until November 12, 2020.  *Id*. at 23.  Upon discharge, Plaintiff was prescribed "Tylenol/Motrin[.]"  *Id*.

On November 12, 2020, when he returned from the hospital, Plaintiff was housed in unit J.  Defs.' Ex. A, at 23.  On November 19, 2020, however, Plaintiff transferred to unit G-2.[1]  *Id*.  Plaintiff remained in unit G-2 through the time of filing this complaint.  *Id*.

On January 21, 2021, Plaintiff was prescribed 800mg of ibuprofen.  *Id*.  He was

---

[1]  Although Plaintiff does not specify, the Court presumes unit G-2 is in administrative segregation.

further prescribed Zoloft on January 26, 2021. *Id*. Plaintiff was taking both medications when he initiated this action. Defs.' Ex. A, at 23.

Throughout March 2021, Defendant Washington prohibited Plaintiff from going to the yard because he had not had his hair cut. *Id*. Plaintiff states Defendant Washington also informed her staff that Plaintiff was not allowed to have yard. *Id*. On April 1, 2021, prison official Hargrove also denied Plaintiff's access to yard. *Id*. That same day, Plaintiff received a disciplinary report for refusing Defendant Washington's order for a haircut. *Id*.

On March 10, 2021, Plaintiff attended a medical examination where he was informed that an appointment with Dr. Lift[2] would be made for him. Defs.' Ex. A, at 23. However, that appointment did not occur. *Id*. On March 11, 2021, Defendants Washington and Ivey held Plaintiff's segregation hearing. *Id*. at 24. Defendant Hill also attended the hearing and informed Plaintiff that "an involuntary PC hearing would be held" to restore Plaintiff's rights. *Id*. According to Plaintiff, Defendant Hill stated that Plaintiff should never have been subject to such disciplinary conditions because he was an assault victim. *Id*. The "involuntary PC hearing" was never held. Defs.' Ex. A, at 24.

On April 1, 2021, Plaintiff attempted to submit a statement to Ms. Robbin, claiming "p.c. and [his] fear for [his] general safety[.]" *Id*. at 23. Ms. Robbin refused to accept the statement because Plaintiff listed administrative members in his claim. *Id*.

## III.    Official Capacity Claims

Defendants argue they are entitled to judgment as a matter of law on Plaintiff's

---

[2] Plaintiff initially refers to Dr. Lift as Dr. Lite. *See* Defs.' Ex. A, at 23. Each time after, however, Plaintiff refers to him as Dr. Lift. *Id*. at 25.

4

claims against them in their official capacity because the Eleventh Amendment and the text of 42 U.S.C. § 1983 bar such claims. Defs.' Memo. in Supp. of Mot. for J. on the Pleadings 3-5. The Court agrees and recommends that Defendants' motion be granted on this ground.

Defendants are employees of the Georgia Department of Corrections ("GDC"), an agency of the state of Georgia. GDC employees are entitled to Eleventh Amendment immunity for claims against them in their official capacities. "Official capacity suits for damages against employees of a state agency are suits against the state agency." *Ferguson v. Ga. Dep't of Corr.*, 428 F. Supp. 2d 1339, 1352 (M.D. Ga. 2006). "A suit against a governmental entity which is considered an 'arm of the state'—such as the GDC—is a suit against the State." *Id.* (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)). "[T]he Eleventh Amendment to the United States Constitution bars a § 1983 action against the State of Georgia and the [GDC] unless the State either consents to suit or waives its sovereign immunity with regard to § 1983 claims—neither of which has happened here." *Id.* Plaintiff's claims against Defendants in their official capacities for monetary damages are barred by the Eleventh Amendment, and therefore, the Court **RECOMMENDS** that Defendants' motion be **GRANTED** on this ground.

Additionally, GDC employees, as state officials acting in their official capacities, are not considered "persons" for purposes of § 1983. *Will*, 491 U.S. at 71; *see also Ferguson*, 428 F. Supp. 2d at 1352-53. Since § 1983 requires that a "person" deprive a plaintiff of his constitutional rights, the lack of a "person" in this case establishes an independent ground for the denial of Plaintiff's claims. *Will*, 491 U.S. at 71. Therefore, Plaintiff may not raise claims against Defendants in their official capacities, and the Court

**RECOMMENDS** that Defendants' motion for judgment on the pleadings be **GRANTED** on this ground.

## IV.  Failure to Protect

The Eleventh Circuit has held the Eighth Amendment "impose[s] a duty on prison officials to 'take reasonable measures to guarantee the safety of the inmates.'" *Mosley v. Zachery*, 966 F.3d 1265, 1270 (11th Cir. 2020) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).  This "includes 'protecting prisoners from violence at the hands of other prisoners.'" *Id.* (quoting *Farmer*, 511 U.S. at 833).  To establish a failure to protect claim, a prisoner must show (1) a substantial risk of serious harm; (2) the prison official's deliberate indifference to that risk; and (3) causation.  *Marbury v. Warden*, 936 F.3d 1227, 1233 (11th Cir. 2019) (per curiam).  "Merely negligent failure to protect an inmate from attack does not justify liability under section 1983[.]" *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (per curiam) (citation omitted).

When examining the first element—a substantial risk of serious harm—courts use an objective standard.  *See Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1028-29 (11th Cir. 2001) (en banc), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007).  A plaintiff must "show conditions that were extreme and posed an unreasonable risk of serious injury to his future health or safety." *Marbury*, 936 F.3d at 1233 (internal quotation marks omitted).  This may be established by demonstrating "(1) an individualized risk; i.e., specific threats directed toward an inmate for reasons personal to him, or (2) generalized conditions of dangerousness." *Wilson v. Danforth*, No. CV 316-040, 2019 WL 3977957, at *8 (S.D. Ga. June 27, 2019), *recommendation adopted by* 2019

6

WL 3987753 (S.D. Ga. Aug. 22, 2019) (citing *Bugge v. Roberts*, 430 F. App'x 753, 758 (11th Cir. 2011)).  "For the latter, an inmate must show they are confined 'in a prison where violence and terror reign.'"  *Id*. (quoting *Harrison v. Culliver*, 746 F.3d 1288, 1299 (11th Cir. 2014)).

The second element—the defendant's deliberate indifference to that risk—has two components: one subjective and one objective.  *Marbury*, 936 F.3d at 1233.  To satisfy the subjective component, a plaintiff must show that the defendant was "both [ ] aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and also dr[ew] the inference."  *Id*.  To satisfy the objective component, a plaintiff must show that the defendant "responded to the known risk in an unreasonable manner, in that he or she knew of ways to reduce the harm but knowingly or recklessly declined to act."  *Id*. (internal quotation marks omitted).  Regarding causation, a "plaintiff must show a necessary causal link between the [defendant's] failure to act reasonably and the plaintiff's injury."  *Id*. (internal quotation marks omitted).

A.   Defendants' Motion

Defendants argue Plaintiff fails to show they were subjectively aware of any risk of serious harm to Plaintiff or were deliberately indifferent to said risk.  Defs.' Memo. in Supp. of Mot. for J. on the Pleadings 7-9.  The Court agrees.  Plaintiff alleges no facts in his complaint that he notified any Defendant of a specific threat from the inmates that attacked him.  In fact, Plaintiff admits the inmates who attacked him remain unknown. Defs.' Ex. A, at 19.  Thus, Plaintiff cannot show Defendants were subjectively aware of impending harm to him.  *See Johnson v. Boyd*, 568 F. App'x 719, 721 (11th Cir. 2014) (per

curiam) (finding the plaintiff "failed to state a claim" where the complaint did not "allege, nor [could] it be inferred, that the defendants subjectively foresaw or knew of a substantial risk of injury posed by" the inmate who attacked the plaintiff).

Additionally, Defendants argue Plaintiff fails to demonstrate any allegedly dangerous conditions at the time of the attack caused his injures. Defs.' Memo. in Supp. of Mot. for J. on the Pleadings 8-9. The Court agrees. Plaintiff attributes the attack to HSP's "understaffing and employee turnover" rates, "inadequate supervision[,]" and "unreasonably hazardous living conditions[.]" Defs.' Ex. A, at 18, 21. He argues these factors amount to a "General Danger" at HSP from which Defendants failed to protect him. *Id*. at 21. Even assuming such conditions existed, Plaintiff has not pointed to any facts showing a causal connection between these conditions and his attack and subsequent injuries. In support of causation, Plaintiff states that these conditions were "the contributing factor that lead [sic] to the violence committed against" him. *Id*. at 18. This conclusory statement is insufficient to demonstrate Defendants' actions or inactions were the proximate cause of Plaintiff's injuries. *See LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) ("[A]n official's acts or omissions [must be] the cause—not merely a contributing factor—of the constitutionally infirm condition.").

Plaintiff also attributes the attack to Defendants GDC and Ward failing to follow a "policy commitment to" adequately staff HSP, and to Defendants Toby, Washington, Ivey, and Hill breaching a "duty to follow institution policy" of investigating an assault.[3] Defs.'

---

[3] Notably, the only facts Plaintiff presents with respect to Defendants Toby, Washington, Ivey, and Hill relate to their inaction *after* the assault. Defs.' Ex. A, at 19. Plaintiff states that following

Ex. A, at 19-20.  To the extent Plaintiff seeks to assert that Defendants failed to protect him as supervisory officials, this claim also fails.  A prisoner cannot state a § 1983 claim based on a theory of respondeat superior or vicarious liability.  *Miller v. King*, 384 F.3d 1248, 1261 (11th Cir. 2004).  Instead, to state a claim against a supervisory official, a prisoner must allege facts showing either that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation.  *H.C. by Hewett v. Jarrard*, 786 F.2d 1080, 1086-87 (11th Cir. 1986).  This may be done by alleging that the official either "(1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed his subordinates to act unlawfully; or (3) failed to stop his subordinates from acting unlawfully when he knew they would."  *Gross v. White*, 340 F. App'x 527, 531 (11th Cir. 2009) (per curiam) (citing *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1331 (11th Cir. 2007)).

Plaintiff neither alleges that Defendants ordered a subordinate to ignore a risk of harm to Plaintiff nor knowingly failed to prevent a subordinate from ignoring any risk.  Rather, Plaintiff bases his claims on Defendants' failure to follow GDC policies—namely, providing the prisons with adequate staffing and investigating inmate-on-inmate attacks.

---

the attack, "no investigation [was] conducted, no statement" was taken from him, and the "inmates who stabbed" him remain unknown.  *Id*.  Thus, it somewhat appears that Plaintiff claims they failed to investigate rather than failed to protect.  To the extent he does, such a claim is not cognizable under § 1983.  *See Roy v. Johnson*, 97 F. Supp. 2d 1102, 1112 (S.D. Ala. Apr. 4, 2000) ("Defendant Davis's failure to investigate the incident fails to present a claim for a violation of a constitutional right and, therefore, fails to establish an essential element of a § 1983 action.") (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981) *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)).

Defs.' Ex. A, at 19-20.  In doing so, Plaintiff does not allege that Defendants created policies that ultimately violated his constitutional rights, but the opposite—that they violated prison policies.  Such an allegation does not warrant imposing liability on Defendants.  *See Taylor v. Adams*, 221 F.3d 1254, 1259 (11th Cir. 2013) ("[F]ailure to follow procedures does not, by itself, rise to the level of deliberate indifference because doing so is at most a form of negligence.").

To the extent, however, Plaintiff argues Defendants created a custom of violating such policies which led to his assault, this claim also fails as he has not shown Defendants were on notice that these actions would lead to Plaintiff's attack.  "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences."  *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990).  Plaintiff has not met this standard.  He provides no facts alleging a history of attacks due to prison officials' failing to either investigate attacks or adequately staff HSP.  At most, his complaint details one attack—his own—which allegedly stemmed from Defendants' failure to follow policies.  *See generally* Defs.' Ex. A, at 18-24.  This single instance is not enough to put Defendants on notice of a substantial risk of harm to Plaintiff.

Accordingly, Plaintiff fails to show Defendants violated his Eighth Amendment rights by failing to protect him.  Therefore, the Court **RECOMMENDS** that Defendants' motion for judgment on the pleadings be **GRANTED** on this ground.

## V.   Deliberate Indifference to a Serious Medical Need

"The Eighth Amendment's prohibition against cruel and unusual punishments

protects a prisoner from deliberate indifference to serious medical needs." *Kuhne v. Fla. Dep't of Corr.*, 745 F.3d 1091, 1094 (11th Cir. 2014) (internal quotation marks omitted). "[T]o prevail on a deliberate indifference to serious medical need claim, [a plaintiff] must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l*, 588 F.3d 1291, 1306-07 (11th Cir. 2009). "A serious medical need is considered one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (internal quotation marks omitted). Deliberate indifference requires a showing of a "subjective knowledge of a risk of serious harm" and "disregard of that risk . . . by conduct that is more than mere negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004) (citation omitted).

Disagreement over the mode of treatment does not constitute deliberate indifference for the purposes of the Eighth Amendment. *See Hamm v. Dekalb Cnty.*, 774 F.2d 1527, 1575 (11th Cir. 1985) ("[A]n inmate's desire for a different mode of treatment does not rise to the level of deliberate indifference."). Negligence in treatment, even rising to the level of medical malpractice, is not deliberately indifferent. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Instead, the treatment must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (internal quotation marks omitted). "[C]onduct deliberately indifferent to serious medical needs has included: (grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment;

11

and (3) medical care that is so cursory as to amount to no treatment at all." *Melton v. Abston*, 841 F.3d 1207, 1223 (11th Cir. 2016); *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986) ("Medical care so inappropriate as to evidence intentional maltreatment or refusal to provide essential care violates the Eighth Amendment.").

A.    Defendants' Motion

Defendants argue Plaintiff fails to present any evidence of their deliberate indifference to Plaintiff's serious medical needs. Defs.' Memo. in Supp. of Mot. for J. on the Pleadings 10-11. The Court agrees. Plaintiff's facts as they relate to his claim for deliberate indifference involve actions and inactions by HSP's doctors—particularly, Drs. Lift and Racresse. Plaintiff states on March 20, 2021, while at a medical examination, an unspecified person informed him "an appointment would be made" with Dr. Lift but the appointment never occurred. Defs.' Ex. A, at 23. He further avers that Drs. Lift and Racresse yielded "no results" in their treatment of Plaintiff and instead, prescribed various medications which led to continuous stomach aches, nausea, and internal pain. *Id*. at 25. Plaintiff states that neither doctor warned him of such "serious side effects, nor the dangers that mixing such medications could be detrimental to [his] health." *Id*. Finally, Plaintiff complains that both doctors refused to send him outside of HSP for treatment even though HSP did not have "the proper equipment to" treat Plaintiff. *Id*.

Assuming Plaintiff has alleged a serious medical need, none of the asserted facts demonstrate any named Defendant had a role in Plaintiff's medical care, knew Plaintiff received inadequate care, or disregarded Plaintiff's need for care. As such, Plaintiff has not shown Defendants were deliberately indifferent.

Nevertheless, the Court construes the complaint liberally in Plaintiff's favor.  In doing so, the most connection the Court can surmise that Plaintiff attempts to make between Defendants and his claim of deliberate indifference, is his allegation that grievances and sick calls for his ongoing pain were ignored.  Defs.' Ex. A, at 24-25.  This claim also fails.  *See Mathews v. Moss*, 506 F. App'x 981, 984 (11th Cir. 2013) (per curiam) (finding the plaintiff failed to state a claim for relief in "alleg[ing] that his prison grievances were either ignored or wrongly decided or that prison officials did not follow the prison's own grievance procedures").

Moreover, Plaintiff does not specify that any named Defendant partook in ignoring his grievances and sick calls.  The only reference Plaintiff makes regarding a complaint being ignored is his attempt to provide Ms. Robbin with a statement about his general safety fear and her refusal to accept it.  Defs.' Ex. A, at 23.  Thus, even construing the facts liberally in Plaintiff's favor, he has not shown Defendants personally participated in ignoring his complaints of pain.  *See Tilman v. Sellers*, No. 5:15-CV-0085-MTT-CHW, 2015 WL 13740125, at *3-*4 (M.D. Ga. Apr. 28, 2015) ("Plaintiff also does not allege that the named defendants in this case were aware of his continued complaints of eye irritation well after the event or that they were personally involved in the denial of his subsequent requests for care."), *recommendation adopted in part, rejected in party by* 2015 WL 5999819 (M.D. Ga. Oct. 15, 2015); *Jackson v. Bulloch Cnty. Jail*, No. CV607-079, 2008 WL 2437421, at *2 (S.D. Ga. June 16, 2008) ("There are no allegations in the complaint that indicate that any of these defendants directly participated in the decision to ignore Jackson's slip call slips.").

To the extent Plaintiff attempts to assert his ignored grievances and sick calls as a claim of supervisory liability, this too fails.  He does not allege that Defendants personally participated in denying him adequate medical treatment.  Nor do the asserted facts demonstrate a causal connection between Defendants' actions—or lack thereof—and the constitutional violation.  Therefore, Plaintiff fails to show Defendants, in their supervisory roles, were deliberately indifferent to his serious medical needs.  *See Clark v. Sheffield*, 807 F. App'x 910, 917-18 (11th Cir. 2020) (per curiam); *see also Welch v. Chase*, No. 5:10-CV-43-MTT, 2011 WL 3817015, at *2 (M.D. Ga. June 14, 2011) ("Merely filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied." (internal quotation marks omitted)).

Accordingly, Plaintiff fails to show Defendants were deliberately indifferent to his serious medical needs.  Therefore, the Court **RECOMMENDS** that Defendants' motion for judgment on the pleadings be **GRANTED** on this ground.

## VI.    Due Process

The Fourteenth Amendment's Due Process Clause provides for procedural protections, "requiring the government to follow appropriate procedures when its agents decide to deprive any person of life, liberty, or property[.]" *Daniels v. Williams*, 474 U.S. 327, 331 (1986) (internal quotation marks omitted).  "To make out a denial-of-procedural-due-process claim under § 1983, a plaintiff must establish three elements: (1) a deprivation of a constitutionally protected liberty or property interest; (2) state action; and (3) constitutionally inadequate process." *Quintanilla v. Bryson*, 730 F. App'x 738, 743 (11th

14

Cir. 2018) (per curiam) (citing *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003)). The Due Process Clause "does not directly protect an inmate from changes in the conditions of his confinement" or create a constitutionally protected interest "'in being confined to a general population cell, rather than the more austere and restrictive administrative segregation quarters.'" *Chandler v. Baird*, 926 F.2d 1057, 1060 (11th Cir. 1991) (quoting *Hewitt v. Helms*, 459 U.S. 460, 466 (1983)).   Thus, to show deprivation of a constitutionally protected liberty interest, a plaintiff alleging a due process violation must show that placement in administrative segregation either constitutes a change in conditions so severe that it essentially exceeds the sentence imposed by the court or "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 486 (1995).

   A.    Defendants' Motion

   Defendants argue Plaintiff fails to show he was provided inadequate due process. Defs.' Memo. in Supp. of Mot. for J. on the Pleadings 11-12.   The Court agrees.   Plaintiff claims Defendants Washington, Toby, Hill, Ivey, and Wilson misclassified him, placing him in administrative segregation. Defs.' Ex. A, at 19.   He further contends they did so without considering his mental health. *Id*. at 21.   Plaintiff, however, fails to allege he was transferred to administrative segregation without due process.   In fact, he admits he received a segregation hearing.   *Id*. at 24.   Plaintiff does not provide any other facts detailing how this hearing amounted to a "constitutionally inadequate process." *Quintanilla*, 730 F. App'x at 743.   As such, Plaintiff has not shown a violation of his procedural due process rights.   Therefore, the Court **RECOMMENDS** that Defendants'

motion for judgment on the pleadings be **GRANTED** on this ground.

## VII.   Equal Protection

The Equal Protection Clause of the Fourteenth Amendment provides: "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV.   A claim under the Equal Protection Clause requires a plaintiff to "demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis." *Sweet v. Sec'y Dep't of Corr.*, 467 F.3d 1311, 1318-19 (11th Cir. 2006).   It is not enough that the alleged action "results in a . . . disproportionate impact." *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 256 (1977).   "Proof of [ ] discriminatory intent or purpose is required to show a violation of the Equal Protection Clause." *Id.*

A.   Defendants' Motion

Defendants contend Plaintiff has not presented any facts or allegations that could amount to an equal protection violation.   Defs.' Memo. in Supp. of Mot. for J. on the Pleadings 12.   The Court agrees.   Plaintiff alleges he was denied equal protection "by treating [him] differently from other inmates without reason[.]"   Defs.' Ex. A, at 22. Plaintiff does not attribute this alleged violation to any particular Defendant, nor does he specify *how* he was treated differently from other similarly situated inmates.   As such, Plaintiff fails to state a claim for relief based on an equal protection violation.   Therefore, the Court **RECOMMENDS** that Defendants' motion for judgment on the pleadings be **GRANTED** on this ground.

## VIII.  Qualified Immunity

"[Q]ualified immunity offers complete protection for government officials sued in their individual capacities as long as their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known." *Oliver v. Fiorino*, 586 F.3d 898, 904 (11th Cir. 2009) (internal quotation marks omitted).  A defendant seeking qualified immunity must show that at the time of the alleged wrongful acts, "he was acting within the scope of his discretionary authority." *Id*. at 905.  Once this is established, "the burden then shifts to the plaintiff to show that the grant of qualified immunity is inappropriate." *Id*.  To do so, a plaintiff must "demonstrate: first, that the facts when viewed in a light most favorable to the plaintiff establish a constitutional violation; and, second, that the illegality of the officer's actions was clearly established at the time of the incident." *Id*. (internal quotation marks omitted).

### B.    Defendants' Motion

Defendants argue they are entitled to qualified immunity because Plaintiff fails to show a violation of his constitutional rights.  Defs.' Memo. in Supp. of Mot. for J. on the Pleadings 12-13.  The Court agrees.  It is undisputed that Defendants acted within their discretionary authority in their alleged actions related to Plaintiff's Eighth and Fourteenth Amendment claims.  Because that determination is made, the burden then shifts to Plaintiff to show that Defendants are not entitled to qualified immunity.  For the reasons stated above, the Court determines that Defendants did not violate Plaintiff's constitutional rights.  Therefore, Defendants are entitled to qualified immunity, and the Court **RECOMMENDS** that Defendants' motion for judgment on the pleadings be **GRANTED** on this ground.

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Defendants' motion for judgment on the pleadings (ECF No. 3) be **GRANTED**.[4]   Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof.  Any objection should be no longer than twenty (20) pages in length. *See* M.D. Ga. L.R. 7.4.  The District Court shall make a de novo determination of those portions of the Recommendation to which objection is made.  All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO RECOMMENDED, this 28th day of June, 2022.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE

---

[4] Plaintiff moves for a response, requesting the Court conduct a preliminary screening of his complaint. Pl.'s Mot. for Resp. 1-2. Because the Court recommends granting Defendants' motion for judgment on the pleadings, the Court further **RECOMMENDS** that Plaintiff's motion for a response (ECF No. 5) be **DENIED as moot**.