**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| DAYVON GRANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:21-cv-00427-MTT |
| | ) | |
| UNIT MANAGER WASHINGTON, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S**
**MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Defendants Commissioner Timothy Ward, Warden Annettia Toby, Deputy Warden

George Ivey, Unit Manager Calpurnia Washington, Sergeant Danza Wilson, and Derek Hill,

through counsel, submit this response in opposition to Plaintiff's motion to amend complaint.

Doc. 11.

Plaintiff filed his original complaint on November 1, 2021. Doc. 2-1 at 2-34. Defendants

moved for judgment on the pleadings and the Magistrate Judge entered a report and

recommendation which recommended that the motion be granted. Docs. 3, 6. Plaintiff now seeks

leave to amend the complaint, but as shown herein, amendment would be futile, and so leave

should be denied.

In relevant part, Rule 15 provides:

**Rule 15.  Amended and Supplemental Pleadings**

(a) Amendments Before Trial.
(1) *Amending as a Matter of Course*. A party may amend
its pleading once as a matter of course within:
(A) 21 days after serving it, or
(B) if the pleading is one to which a responsive
pleading is required, 21 days after service of a responsive

> pleading or 21 days after service of a motion under Rule
> 12(b), (e), or (f), whichever is earlier.
> (2) *Other Amendments*. In all other cases, a party may
> amend its pleading only with the opposing party's written
> consent or the court's leave. The court should freely give
> leave when justice so requires.

Fed. R. Civ. P. 15(a). Thus, leave to amend is required where no amendment is filed within 21 days of the service of a responsive pleading. *See generally Coventry First, LLC v. McCarty*, 605 F.3d 865, 869 (11th Cir. 2010); *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). While Rule 15 provides for leave to amend to be given freely when justice requires, "[a] district court need not . . . allow an amendment . . . where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). And amendment is futile "when the complaint as amended would [ ] be properly dismissed." *See McCarty*, 605 F.3d at 870 (quoting *Cockrell*, 510 F.3d at 1310).

The Court should not grant leave to amend in this instance because the complaint as amended would be properly dismissed. As explained in Defendants' motion for judgment on the pleadings, the Defendants are entitled to qualified immunity, Plaintiff fails to allege any facts that would associate any of the named defendants with any asserted constitutional violation, and so it fails to state a claim against all of the named defendants. Docs 3, 3-1; *See, e.g., Douglas v. Yates*, 535 F.3d 1316, 1321-1322 (11th Cir. 2008) (*citing Pamel Corp. v. Puerto Rico Hwy. Authy.*, 621 F.2d 33, 36 (1st Cir. 1980) (stating that the complaint must "state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). Also, any official capacity money damage claim is barred by the Eleventh Amendment, and also is not a cognizable claim because an individual defendant sued in his official capacity is not a "person" subject to suit under section 1983. Doc. 3-1 at 3-5. Plaintiff's motion to amend does not show that he can avoid these bars by amendment to his pleading.

Plaintiff's motion to amend attaches a proposed amended complaint, which does not mention Defendants Ward and Washington and therefore fails to state a claim against them. Doc. 11-1. Furthermore, Plaintiff's proposed amended complaint only appears to address the claim of deliberate indifference to his safety by failing to protect him from assault, thus, failing to state a claim as to his other possible claims of deliberate indifference to a medical need, due process, and equal protection. Doc. 11-1.

Plaintiff's proposed amended complaint does appear to raise new allegations against Defendants Toby, Ivey, Wilson, and Hill. *See* Doc. 11-1. However, these allegations are conclusory and would not meet the pleading requirements for a facially plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff alleges in conclusory fashion, "consistent and wide spread violence", "creating an atmosphere that promotes violence", Defendants "knew through first hand information the widespread violence", and "Defendants Toby, Hill, Ivey, Red, and Wilson knew the strong possibility of an offender being attacked." Doc. 11-1. By arguing widespread violence, Plaintiff appears to present a theory of supervisory liability against Defendants Toby, Ivey, Wilson, and Hill. However, supervisory officials are not liable under section 1983 on the basis of *respondeat superior* or vicarious liability. *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999). Plaintiff must show that Defendants actually participated in the alleged constitutional violation, or there is a causal connection between the individual's actions and the alleged constitutional violation. *See id.* Causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fails to do so. *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). To constitute widespread abuse, the deprivation must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences. *Id.* A causal connection can also be

shown when the facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003).

Here, the assertions that Plaintiff raises in the proposed amended complaint list isolated occurrences of four stabbings, a riot in which fourteen inmates were injured, two incidents of inmates being found unresponsive and pronounced dead, and a suicide. Doc. 11-1 at 3, ¶¶ 25-32. Plaintiff does not provide a date for the isolated occurrences – in fact, it appears he has left blank the places where dates might be inserted into his allegations. *Id.* It is unclear when these incidents occurred, where these incidents occurred, whether they happened before the allegations in Plaintiff's complaint, or how far apart in time these incidents occurred. Plaintiff, with these incomplete allegations, does not show widespread abuse, meaning instances that are obvious, flagrant, rampant and of continued duration, rather than isolated occurrences.

Furthermore, Plaintiff does not show whether any of the Defendants had any involvement with these incidents or how Defendants would have been put on notice of these incidents. Additionally, Plaintiff does not show with facts that any of the Defendants directed subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so. Lastly, Plaintiff does not show how these isolated occurrences relate to Plaintiff's alleged injuries or claims. Thus, Plaintiff fails to state a claim against the Defendants.

For these reasons, Defendants respectfully ask that Plaintiff's motion for leave to file an amended complaint (Doc. 11) be denied.

Respectfully submitted,

Christopher M. Carr        112505
Attorney General

Loretta L. Pinkston-Pope        558555

Deputy Attorney General

Roger A. Chalmers         118720
Senior Assistant Attorney General

<u>s/ Jason H. Kang</u>        759836
Jason H. Kang
Assistant Attorney General

PLEASE ADDRESS ALL
COMMUNICATIONS TO:
Jason H. Kang
State Law Department
40 Capitol Square SW
Atlanta, GA  30334
Tel: (404) 458-3559
Fax: (404) 651-5304
Email: jkang@law.ga.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I electronically filed the foregoing pleading with the

Clerk of Court using the CM/ECF system which will automatically send email notification of

such filing to all counsel of record: NONE

I further certify that I have served by U.S. mail, first class postage prepaid, the following:

Dayvon Grant
GDC #: 1001153774
Hays State Prison
P.O. Box 668
Trion, Georgia 30753

This 12th day of September, 2022.

s/ Jason H. Kang

*/s/ Jason H. Kang*
JASON H. KANG