IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DAYVON GRANT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:21-cv-427 (MTT) |
| | ) |
| UNIT MANAGER CALPURNIA WASHINGTON, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

United States Magistrate Judge Stephen Hyles recommends granting the Defendants' motion for judgment on the pleadings (Doc. 3). Doc. 6. The Plaintiff, Dayvon Grant, objected, and subsequently filed a motion to amend that was substantively identical to his objection.[1] Docs. 9; 11. Grant's proposed amended complaint does not correct the deficiencies detailed in the Recommendation. Therefore, the motion to amend (Doc. 11) is **DENIED** as futile. After conducting the appropriate review, the Recommendation (Doc. 6) is **ADOPTED**.

Leave to amend should be "freely give[n] … when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court "need not, however, allow an amendment (1) where there

---

[1] Grant's first filing is not really an objection. It is captioned "Affidavit," it outlines several additional factual allegations that attempt to correct the deficiencies in his complaint, and it does not address the Recommendation. Doc. 9. Nonetheless, the Court construes Grant's "Affidavit" as an objection because it was filed during the objection period. Docs. 7; 8. Grant's second filing is captioned "motion to amend" and contains the same factual allegations provided in the first filing. Doc. 11. The Court construes the second document as a motion to amend. Notably, Grant did not respond to the motion for judgment on the pleadings.

has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004) (internal quotation marks and citation omitted).

Grant's motion to amend seeks to add factual allegations to support his Eighth Amendment failure to protect claim stemming from an attack against Grant by fellow inmates.  Docs. 9; 11.  Grant does not address his deliberate indifference, due process, or equal protection claims in his objection or motion to amend.  Specifically, Grant's proposed new allegations address only claims against defendants Toby, Ivey, Wilson, and Hill based on supervisory liability arising from the attack.  Docs. 9; 11.

The Eighth Amendment "impose[s] a duty on prison officials to 'take reasonable measures to guarantee the safety of the inmates.'" *Mosley v. Zachery*, 966 F.3d 1265, 1270 (11th Cir. 2020) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).  This "includes 'protecting prisoners from violence at the hands of other prisoners.'" *Id*. (quoting *Farmer*, 511 U.S. at 833) (internal alterations omitted).  To establish a failure to protect claim, a prisoner must show "(1) a substantial risk of serious harm; (2) the prison official's deliberate indifference to that risk; and (3) causation." *Marbury v. Warden*, 936 F.3d 1227, 1233 (11th Cir. 2019) (internal quotations and citations omitted).  "Merely negligent failure to protect an inmate from attack does not justify liability under section

1983 [.]" *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (citing *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986)).

"[I]t is well established that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Keith v. DeKalb Cnty., Ga*., 749 F.3d 1034, 1047 (11th Cir. 2014) (citations omitted).  "Instead, to hold a supervisor liable a plaintiff must show that the supervisor either directly participated in the unconstitutional conduct or that a causal connection exists between the supervisor's actions and the alleged constitutional violation."  *Id*. at 1047-48.  "The necessary causal connection can be established when a history of widespread abuse puts the reasonable supervisor on notice of the need to correct the alleged deprivation, and he fails to do so."  *Id*. at 1048.  However, "[t]he deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences."  *Id.* at 1048.

Conclusory allegations that the defendant was aware of the constitutional violations, without specific facts to support those allegations, are insufficient to state a claim.  *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003).  Rather the plaintiff must point to specific facts and circumstances, such as dates, times, and locations, indicating that the violations are obvious, flagrant, rampant, and continuous.  *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1027-28, 1042-45 (11th Cir. 2001); *see also Diamond v. Owens*, 131 F. Supp. 3d 1346, 1382 (M.D. Ga. 2015) (discussing the specificity necessary to allege supervisory liability in a failure to train claim); *Cohen v. Hill*, 2022

WL 1094658, at *10 (N.D. Ala. Apr. 12, 2022) (discussing the specificity necessary to allege supervisory liability in a failure to protect claim).

Grant asserts in a conclusory fashion that the defendants "through practices," such as labeling inmates as pre-aggressive and failing to provide adequate security, create "[a]n atmosphere that promotes violence." Docs. 9 ¶¶ 7, 11; 11 ¶¶ 7, 11. As evidence of the "atmosphere of violence," Grant lists four stabbings, a riot in which fourteen inmates were injured, two incidents of inmates being found unresponsive and pronounced dead, and a suicide. Docs. 9 ¶¶ 25-32; 11 ¶¶ 25-32. However, as the defendants note, Grant has not provided dates or locations for these alleged incidents. Doc. 12. Because he fails to allege when—long or shortly before or after the attack on Grant—or where the incidents occurred, Grant has not stated a claim for relief under § 1983 that is plausible on its face. *See Marsh*, 268 F.3d at 1027-28; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'") (quoting Fed. R. Civ. P. 8(a)(2)). Consequently, although Grant has provided some information supporting his theory of widespread violence in Hancock prison, he has still failed to allege critical information necessary to support a plausible claim of supervisory liability under § 1983. Therefore, Grant's motion to amend (Doc. 11) is **DENIED** as futile.

Because the Court deems Grant to have objected to the portion of the Recommendation addressing his failure to protect claim, the Court reviews that part of the Recommendation de novo. 28 U.S.C. § 636(b)(1). For the reasons discussed

above, and in the Recommendation, Grant has not stated a claim for relief under § 1983 that is plausible on its face.

Grant has not objected to the remaining portions of the Recommendation, so the Court reviews those sections for clear error.[2]  The Court finds none.

After review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.  Thus, the Recommendation (Doc. 6) is **ADOPTED** and made the Order of the Court.  Accordingly, the defendants' motion for judgment on the pleadings (Doc. 3) is **GRANTED** and Grant's claims are **DISMISSED** without prejudice.[3]  Grant's motion for a response (Doc. 5) is **DENIED** as moot.

**SO ORDERED**, this 16th day of September, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] However, if reviewed de novo, the result would be the same.

[3] The Court notes that the statute of limitations does not appear to have run on Grant's claims.  See *Wellons v. Comm'r, Ga. Dep't of Corr.*, 754 F.3d 1260, 1263 (11th Cir. 2014); O.C.G.A. § 9-2-61(a).